# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil Action No. 1:12-cv-00042-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ARETHA F. GRANT ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the United States of America's ("United States") Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56. [Dkt. No. 23]. In the Motion, the United States argues that there is no genuine issue of material fact as to the tax amounts that Aretha Grant ("Defendant") owes, thus judgment is appropriate. For the reasons set forth below, the court grants the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant filed federal income tax returns for the 1999, 2000, 2003, and 2005 tax years. [Dkt. No. 27]. However, she concedes she did not pay the full amount of federal income tax liability for these years. *Id.* Defendant belatedly filed her federal income tax returns for 2001 and 2002. Subsequently, the Internal Revenue Service ("IRS") assessed Defendant's federal income tax liability for the tax years 1999, 2000, 2001, 2002, 2003, and 2005 ("Applicable Tax Years") as well as for tax years 2006, 2008 and 2009. The United States filed a Complaint on January 4, 2012, against Defendant to reduce to judgment Defendant's outstanding federal

1

income tax liability for the 1999, 2000, 2001, 2002, 2003, 2005, 2006, 2008, and 2009 tax years. [Dkt. No. 1].[1]

On November 26, 2012, the United States moved for partial summary judgment as to Defendant's outstanding federal income tax liabilities for the Applicable Tax Years. [Dkt. No. 23]. In support of the Motion, the United States submitted a Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340")[2] for each Applicable Tax Year, all of which detail Defendant's federal income tax liability as of June 27, 2011. *Id.* The Forms 4340 were attached to the Declaration of Ralph Thompson ("Thompson Declaration"), an agent of the IRS. *Id.* In the Declaration, he computes the unpaid balance of the tax assessments, plus accrued interest through November 26, 2012. *Id.* Defendant concedes that she owes some taxes, but does not agree with the total amount assessed by the IRS. [Dkt. No. 27]. Defendant also argues that the amounts sought in the Motion are inconsistent with those set forth in the Thompson Declaration; consequently, Defendant argues, the United States' own submissions present a disputed issue of material fact that this court must resolve. *Id.* The United States counters that Defendant has presented no evidence that the Forms 4340 are incorrect, and thus there is no genuine dispute of material fact. [Dkt. No. 23].

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that

---

[1] On June 3, 2013, the court granted the United States' Motion to Dismiss without prejudice its claim to reduce to judgment Defendant's 2006, 2008, and 2009 tax liabilities. [Dkt. No. 37].

[2] A Form 4340 was submitted for each Applicable Tax Year. In this opinion, they are collectively referred to as "Forms 4340."

there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The central issue in a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745, n. 11 (1983)). Moreover, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.* at 249.

When a motion for summary judgment is properly made, unsupported conclusory allegations do not suffice to create a genuine issue of material fact. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). The non-moving party must show the existence of specific facts which give rise to a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. In addition, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

### A. Inconsistency Between the Amounts of Tax Liability Set Forth by Defendant and the Thompson Declaration.

In order for the United States to successfully support its Motion, it must show that there is no dispute of material facts. Fed. R. Civ. P. 56(a). Here, Defendant argues that since her calculation of her federal income tax liability on her tax returns is different from the IRS tax assessments there is a dispute of material fact.

The United States established a *prima facie* case of Defendant's tax liability by submitting the Forms 4340 to the court. *See United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980). After the United States established this *prima facie* case, the burden shifted to the Defendant to demonstrate that the assessment was incorrect or arbitrary. *See Pomponio*, 635, F.2d 293, 296; *U.S. v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006). Defendant has not introduced any evidence that demonstrates that the IRS's calculation of her tax liability is arbitrary or incorrect. She relies on the difference between her calculation and the IRS assessment as the evidence of a material dispute required to rebut the United States' *prima facie* case. However, Defendant has misconstrued her burden. In order to satisfy this burden after the Forms 4340 were submitted, she needed to demonstrate why the IRS's calculation was arbitrary or incorrect. *See White* 466 F.3d 1241, 1248; *see also Popmonio* 635 F.2d 293, 296; *United States v. Hunt*, Case No. 4:1-cv-31, 2011 WL 2471581, at *2 (E.D. Va. June 20, 2011). Performing her own calculations of her tax returns is not the same as producing evidence that demonstrates where the IRS assessment was incorrect or arbitrary. As such, Defendant has not rebutted the United States' *prima facie* establishment of her tax liability. Thus, there is no material dispute of fact. Rather, by performing her own calculations, Defendant has merely alleged that the amount of taxes she owes is in dispute. As the nonmoving parting, she cannot rest on mere allegations to overcome a properly supported motion for summary judgment. *See Thompson*, 312 F.3d at 649.

### B. Inconsistency Between the Amounts Set Forth in the Thompson Declaration and the United States' Motion for Partial Summary Judgment.

Defendant also argues that the amount of tax liability set forth in the Motion is inconsistent with the Thompson Declaration and thus presents an issue of disputed fact. The court is unable to locate the inconsistency. In the United States' Motion, the government laid out

4

the amount of tax liability, penalties, and interest the IRS assessed to Defendant and the dates on which these values were calculated. Subsequent to these original assessments, in the Forms 4340, Defendant's unpaid federal income tax liability was assessed as of June 27, 2011. Then, using the Forms 4340, Ralph Thompson assessed Defendant's unpaid federal income tax liability as of November 26, 2012. There is a gap of time between when the IRS originally assessed Defendant's tax liabilities and when the Forms 4340 were completed. This gap exists because although the IRS had assessed Defendant's taxes once, they had to reassess her taxes again while completing the Forms 4340 when the United States filed suit. There was also a gap of time between when the Forms 4340 were completed and November 26, 2012, the date of Thompson's calculation. During the first interval of time, the IRS made various adjustments to Defendant's tax liabilities. For example, the IRS granted abatements for the tax years 2001 and 2002 in which Defendant belatedly filed tax returns after the IRS had already assessed her federal income tax liability for these years. Thus her assessed tax liability actually decreased for these years. In addition, by the time the Forms 4340 had been completed in June 2011, interest and other penalties had accrued since the original IRS tax assessments. The Forms 4340 indicate these changes. However, the United States has consistently argued that Defendant owes the United States $277,202.09 as of November 26, 2012. This is the amount that Ralph Thompson calculated by using the underlying debt indicated in the Forms 4340 and adding the accrued interest. The fact that interest had accrued since the Forms 4340 were completed is inconsequential to the court's consideration of whether or not summary judgment should be granted. *See United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007) ("[T]he government provided sufficient evidence to prove that Sarubin owed the underlying tax debt sought, which debt has in turn accrued interest by operation of statute."). Defendant does not put forth evidence

that shows that the underlying tax debt as indicated by the Forms 4340 is incorrect; therefore, there is no material dispute that $277,202.09 is the underlying debt Defendant owed as of November 26, 2012.  *See White* 466 F.3d 1241, 1248.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** United States' Motion for Partial Summary Judgment, [Dkt. No 23].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 25, 2013
Greenville, SC